UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

VERNAL ALDEGON,

                    Petitioner,

-against-

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,

                    Respondent.
---------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-2079 (CBA)

AMON, Chief Judge:

On April 27, 2011, petitioner filed this pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 Kings County conviction. For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

**Procedural Background**

On April 23, 2003, petitioner filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same conviction challenged herein. The Court denied that petition. Aldegon v Phillips, No. 03-CV-2100 (CBA) (E.D.N.Y. Jan. 31, 2005). Petitioner filed a notice of appeal and by mandate issued August 25, 2006 the Second Circuit denied petitioner's motions for in forma pauperis status and the appointment of counsel and dismissed the appeal.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F. 3d 147, 151 (2d Cir. 2003); see also 28 U.S.C. § 2244(b)(3)(A).

1

Subsection (b)(3)(c) of § 2244 directs that:

[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeal for the Second Circuit for permission to pursue this application. Any motion to the Second Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244 (b)(2)(A); or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244 (b)(2)(B).

## Conclusion

As this is petitioner's second petition for a writ of habeas corpus challenging the same conviction, this Court lacks jurisdiction to address it. Accordingly, the instant petition for a writ of habeas corpus is transferred to the United States Court of Appeals for the Second Circuit. This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen this case under this docket number.

SO ORDERED.

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
May 4, 2011

2